IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| Sami Debizet | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. _____ |
| | ) | |
| 81.com an Internet domain name, | ) | |
| | ) | |
| and John Doe, | ) | |
| | ) | |
|     Defendants. | ) | |

**Verified Complaint**

Comes Now the Plaintiff, Sami Debizet (hereinafter "Debizet"), by and through his counsel, and files this complaint against John Doe and 81.com (Defendant Domain Name).

**I.     Nature of The Suit**

1. The Plaintiff is seeking to recover its valuable domain name and seeks (1) a Declaratory Judgment as to the ownership of the Defendant Domain Name, (2) asserts *in rem* claims under the Anti-cybersquatting  Consumer Protection Act, 15 U.S.C. § 1125(d), under 28 U.S.C. § 1655, and Virginia common law (3) Tortuous Interference with Contractual Relationship (4) Trespass to Chattels, Computer Trespass and Conversion, and *in personam* claims under (5) the Computer Fraud and Abuse Act, 18 U.S.C. § 1030, (6) the Electronic Communications Privacy Act, 18 U.S.C. §§ 2701, 2707, and Virginia common law, arising from the unauthorized access to Plaintiff's secured computer account and the unauthorized transfer and theft of the 81.com domain name (the "Defendant Domain Name").

1

2. Plaintiff seeks injunctive and other equitable relief as a result of the actions of a person of unknown identity who gained unauthorized access to Plaintiff's domain name management account on a protected computer, transferred control of the Defendant Domain Name from Plaintiff's account, and thereby disabled Plaintiff's control of the Defendant Domain Name causing irreparable injury to Plaintiff.

**II.      Jurisdiction and Venue**

3. This action arises out of Doe's violation of the Anti-cybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d) and the Computer Fraud and Abuse Act, 18 U.S.C. § 1030, the Electronic Communications Privacy Act, 18 U.S.C. §§ 2701, 2707, and related claims under the common law of Virginia.

4. This Court has original jurisdiction pursuant to 15 U.S.C. § 1121(a) and 28 U.S.C. §§ 1331 and 1338(a) and has *in rem* jurisdiction over the Defendant Domain Name pursuant to 15 U.S.C. § 1125(d)(2)(A) as the registry for the Defendant Domain Name, Verisign, is located within this judicial district.   The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1331 because this action arises out of Defendants' violation of the Federal Computer Fraud and Abuse Act (18 U.S.C. § 1030), Electronic Communications Privacy Act (18 U.S.C. § 2701), and the Lanham Act (15 U.S.C. §§ 1114, 1125).   The Court also has subject matter jurisdiction over Debizet's claims for trespass to chattels, conversion, and intentional interference with contractual relationships pursuant to 28 U.S.C. § 1367.

5. Venue is proper in this district pursuant to 15 U.S.C. § 1125(d)(2)(C) as the subject registry, Verisign has its principal place of business in this judicial district.

6. Venue is further proper pursuant to 28 U.S.C. § 1391(b)(2) as the subject of the action, the domain name, is located in this judicial district.

7. Defendant Doe directed the acts complained of towards the district and utilized instrumentalities in the district in that he gained unauthorized access to the Defendant Domain Name and thereafter, without authorization, caused the Domain Name's registration record, maintained by GoDaddy and recorded in Verisign's records in Virginia for the Defendant Domain Name to be altered so as to transfer control of the Defendant Domain Name away from the Plaintiff.

8. The Declaratory Judgment Act, 28 U.S.C. § 2201 provides for a declaration of the rights of the Plaintiff in this matter.

### III. Notice

9. Pursuant to the Anti-cybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d)(2)(A)(ii)(II)(aa), notice of filing of this complaint is being sent to the Defendant at the postal addresses and email addresses provided on the current WHOIS records as set forth above, along with a request to waive service pursuant to Federal Rule of Civil Procedures 4(d).

10. The Plaintiff is providing such notice contemporaneously with the filing of this Complaint. Pursuant to 15 U.S.C. § 1125(d)(2)(A)(ii)(II)(bb), the Plaintiff will promptly publish notice of this action as the Court may direct after filing of this Complaint.

11. The Plaintiff's claim for violation of the Computer Fraud and Abuse Act, and the Court's jurisdiction over the alternative claim, are proper pursuant to 15 U.S.C. § 1125(d)(3) and (4).

12. Joinder of the Defendant Domain Name is proper under Federal Rule of Civil Procedure 20(a)(2) in that the claims set forth herein arise out of the same set of operative facts and the questions of law are common as to all claims and Defendants.

**IV.     Parties**

13. The Plaintiff, Sami Debizet (hereinafter "Debizet") is an individual with a primary address of Springs 6 street 7 villa 4, Dubai Media City, Dubai. Mr. Debizet was, and is, the rightful owner of the Defendant Domain Name.

14. The Defendant 81.com is a .COM tld (top level domain) which is controlled by Verisign, Inc., which has a primary address of 12061 Bluemont Way, Reston, Virginia 20190 which is within this Court's judicial district.

15. Defendant John Doe (Hereinafter "Doe") is a person of unknown identity who gained unauthorized access to Debizet's protected domain name management account and, without consent or authority, transferred control of Defendant Domain Name away from Debizet.

**V.     Factual Background**

16. The Plaintiff acquired the Defendant Domain Name on May 7, 2013 for $360,000 and is, and always has been, the sole legal registrant of the Defendant Domain Name. (See Exhibit 1, Declaration of Sami Debizet (hereinafter Debizet Dec); see also Exhibit to Debizet Decl, Godaddy purchase receipt.)

17. The Plaintiff intended to use the Defendant Domain Name for the purpose of publishing a news site, began creation of the news site but, before he could complete the site, the Defendant

Domain Name was stolen. (See Debizet Dec. ¶¶ 8 & 9).

18. The Plaintiff did not sell or transfer the Defendant Domain Name to Doe or any other third party. (See Debizet Dec. ¶¶ 6 & 7.)

19. The Plaintiff, upon learning of the theft of his domain name attempted to recover it through the registrar, GoDaddy, without success. (See Debizet Decl. Dec. ¶ 10.)

20. The Defendant Domain Name is extremely valuable and its loss has deprived the Plaintiff of both the Defendant Domain Name and the income revenue which would have been generated by the business.

21. Defendant Doe has taken control of the Defendant Domain Names with the intent to divert the revenue produced by the Defendant Domain Name to himself.

22. Defendant Doe's registration and use of the Defendant Domain Name is without the Plaintiff's authorization.

23. Defendant Doe has no intellectual property rights in the Defendant Domain Name.

24. Defendant Doe provided misleading or incomplete contact information in the Domain Name's registration when changing the registration for the Defendant Domain Names.

25. Defendant Doe's actions are in violation of these aforementioned rights of Plaintiff.

**V.** **Causes of Action**

Count I
Claim for Declaratory Judgment

26. The Plaintiff repeats and realleges the previous paragraphs as if set forth in full. Plaintiff had registered the Defendant Domain Name as alleged above and has, since that time, maintained uninterrupted control over the Defendant Domain Name until stolen by Defendant Doe.

27. Defendant's actions have taken control of the Defendant Domain Name from Plaintiff without authorization or permission.

28. The Declaratory Judgment Act, 28 U.S.C. § 2201, provides for a declaration of the rights of the Plaintiff in this matter.

Count II
Anti-cybersquatting Consumer Protection Act (ACPA)
15 U.S.C. § 1114(2)(d)

29. The Plaintiff repeats and realleges the previous paragraphs as if set forth in full.

30. The Plaintiff has owned the Defendant Domain Name since May 7, 2013, has used it in commerce and has common law rights in the 81.com mark.

31. Defendant's actions constitute registration, trafficking, or use of a Domain Name that is confusingly similar to the Plaintiff's trademark, with bad faith intent to profit therefrom.

32. The Plaintiff, because of Defendant's actions, is being prevented from using and exercising control over the Defendant Domain Name (81.com).

33. The Plaintiff is being harmed through the loss of revenue, loss of business and loss of business opportunities unless enjoined.

34. The Plaintiff, despite diligent inquiry, has been unable to obtain the accurate location of Defendant for any Court's jurisdiction in a civil action pursuant to 15 U.S.C § 1125(d)(2)(A)(i)(I).

35. The above described conduct of Defendant Doe, registrant of the Defendant Domain Names, constitutes unlawful cybersquatting in violation of the Anti-cybersquatting Consumer Protection Act, 15 U.S. C. § 1125(d)(1).

36. The above described conduct by Defendant has caused, and is causing, great and irreparable harm to the Plaintiff and the public. Unless permanently enjoined by this Court, said irreparable harm will continue. Accordingly, pursuant to 15 U.S.C. § 1125(d)(2)(D)(I), the Plaintiff is entitled to an order transferring the registration of the Defendant Domain Name to the Plaintiff.

Count III
Violation of the Computer Fraud and Abuse Act 18 U.S.C. § 1030

37. The Plaintiff repeats and realleges the previous paragraphs as if set forth in full.

38. Defendant Doe knowingly and intentionally accessed the Plaintiff's hosting account and registrar account on protected computers exceeding his authorization and thereby obtained and used information from the protected computer systems in multiple transactions involving interstate and foreign communication in violation of 18 U.S.C. § 1030(a)(2)(c).

39. Defendant Doe knowingly, and with intent to take Plaintiff's revenue and business, accessed the Plaintiff's email system on a protected computer exceeding his authority and used the access to transfer all of Plaintiff's assets to himself in violation of 18 U.S.C. § 1030(a)(4).

40. Defendant Doe's conduct complained of herein caused the registration records maintained by Verisign on a protected computer system in this District to be altered transferring control of the Defendant Domain Name from the Plaintiff to Defendant Doe in violation of the Plaintiff's rights.

41. Defendant Doe intentionally accessed the Plaintiff's registrar without authorization and as a result of such conduct caused damage and loss in violation of 18 U.S.C. § 1030(a)(5)(c).

42. The Plaintiff has suffered damages as a result of the conduct complained of and such conduct has caused a loss to the Plaintiff aggregating to at least $100,000 that being the value of the Defendant Domain Name.

43. As a direct result of the actions complained of, the Plaintiff has suffered, and continues to suffer, irreparable harm for which the Plaintiff has no adequate remedy at law and which will continue unless enjoined.

Count IV
Tortuous Interference with Contractual Relationship

44. The Plaintiff repeats and realleges the previous paragraphs as if set forth in full. The Plaintiff properly entered into contracts with the registrar for the Defendant Domain Name and for the hosting of the website for the Defendant Domain Name, before the Defendant Domain Name was stolen.

45. Defendant has unlawfully taken control of the Defendant Domain Name, interfering with Plaintiff's lawful contract rights to the Defendant Domain Name.

46. As a result of the Defendant's acts, the Plaintiff has been damaged and will continue to be damaged. The Plaintiff requests that this Court declare Defendant liable for its past and any future losses in association with the registration and hosting service contract.

Count V
Trespass to Chattels, Computer Trespass and Conversion

47. The Plaintiff repeats and realleges the previous paragraphs as if set forth in full.

48. Plaintiff has property rights in the Defendant Domain Name.

49. Defendant Doe has taken control of the Defendant Domain Name and is wrongfully exercising control and authority over the Defendant Domain Name.

50. The control and authority exercised by Defendant Doe deprives the Plaintiff of control and the revenue and business generated from the Defendant Domain Name.

51. Defendant Doe is wrongfully exerting dominion and possession over the Plaintiff's property in denial of his rights and is intermeddling with the Plaintiff's property rights.

52. To the extent that Defendant Doe has transferred the Defendant Domain Name, the transferee's wrongful exercise of dominion and control over the Plaintiff's Domain Name deprives the Plaintiff of the use and control of his domain name.

53. The Plaintiff has suffered damages, including the loss of the Defendant Domain Name, as the result of Defendant Doe's conduct and is entitled to injunctive relief, actual, statutory and/or punitive damages as well as attorney's fees.

## Count VI
### Violation of the Electronic Communications Privacy Act

54. The Plaintiff repeats and realleges the previous paragraphs as if set forth in full.

55. On information and belief, Defendant Doe intentionally, accessed without authorization, electronic communications sent by the domain name registrar to Debizet seeking Debizet's approval for the transfer of the Defendant Domain Name.

56. On information and belief, Defendant Doe obtained such electronic communications and/or prevented Debizet's authorized access to such electronic communications while the communications were in electronic storage.

57. Defendant Doe engaged in such actions with a knowing and/or intentional state of mind, and such actions constitute a violation of the Electronic Communications Privacy Act, 18 U.S.C. §§ 2701, 2707.

58. The Plaintiff has suffered damages including the loss of the Defendant Domain Name as a result of the conduct complained of herein and is entitled to injunctive relief, actual, statutory, and/or punitive damages, and attorney's fees under the Electronic Communications Privacy Act.

59. To the extent that Defendant Doe has subsequently transferred the Defendant Domain Name to a person or persons other than Defendant Doe, such other person's wrongful exercise of dominion and control over the Defendant Domain Name deprives the Plaintiff of use and control of the Defendant Domain Name in violation of the Plaintiff's rights in and to the Defendant Domain Name.

Count VII
Quiet Title

60. The Plaintiff repeats and realleges the previous paragraphs as if set forth in full.

61. The Plaintiff has valid legal and equitable title to the Defendant Domain Name based on his purchase and registration of the Defendant Domain Name.

62. The Defendant Domain Name was stolen from the Plaintiff and no subsequent registrant may acquire valid title to the domain name, whether or not any such registrant claims to be a bone fide purchaser.

63. Defendant Doe has, through his control of the Defendant Domain Name, asserted a claim that impedes the Plaintiff's ownership and control of the Defendant Domain Name and constitutes a cloud on the Plaintiff's title to the Defendant Domain Name.

WHEREFORE, The Plaintiff respectfully requests of this court:

1. That judgment be entered in favor of the Plaintiff on his *in rem* claims under the Anti-cybersquatting Consumer Protection Act, 28 U.S.C. § 1655, and for quiet title against the res Defendant 81.com.

2. That judgment be entered in favor of the Plaintiff on his *in personam* claims under the Computer Fraud and Abuse Act, the Electronic Communications Privacy Act, and for Conversion against Defendant Doe.

3. That the Court order the Defendant Domain Name be returned to the Plaintiff through VeriSign, Inc.'s transfer of the domain name from the current domain name registrar to Debizet's registrar of choice, GoDaddy (if not already at Godaddy) and to change the registrant back to Sami Debizet.

4. Enter an order declaring that Sami Debizet is the only entity with any rights to the control controlling the Defendant Domain Name 81.com;

5. Enter an order declaring that Defendant Doe does not have any rights to the Defendant Domain Name 81.com;

6. Enter an order directing that the Defendant Domain Name 81.com be promptly transferred to the Plaintiff;

7. Enter an Order directing Verisign to promptly return control of the Defendant Domain Name, 81.com, to the Plaintiff and the registrar as directed by counsel for the Plaintiff;

8. That the Court order an award of actual, statutory, and/or punitive damages, costs and reasonable attorney's fees; and

9. That the Court order an award to the Plaintiff of such other and further relief as the Court may deem just and proper.

Date: 9/16/19

Respectfully Submitted,
Sami Debizet
By Counsel

_/s/ Jonathan Westreich_
Jonathan Westreich, Esq.
VSB No. 37393
Greenberg & Lieberman, LLC (of counsel)
604 Cameron Street
Alexandria, Virginia 22314
703-299-9050 / fax: 703-548-1831
jonathan@westreichlaw.com

Stevan Lieberman, Esq.
Greenberg & Lieberman, LLC
1775 Eye Street, Suite 1150
Washington, D.C. 20006
(202) 625-7000, Fax: 202-625-7001
Stevan@aplegal.com
(Pro Hac Vice Pending)

## Verification

I, Sami Debizet declare under penalty of perjury, pursuant to 28 U.S.C. § 1746, that I am Sami Debizet and am the original owner of the Defendant Domain Name listed above and the facts contained in the foregoing verified complaint are true and correct to the best of my knowledge, information and belief.

_9/16/19_
Date

_/s/ Sami Debizet_
Sami Debizet